IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| FIDEL DAVIS | § | |
| v. | § | CIVIL ACTION NO. 5:15cv48 |
| C. PHILLIPS, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON MOTIONS TO DISMISS OF DEFENDANTS **CALFEE** AND **STANLEY**

The Plaintiff Fidel Davis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

As defendants, Plaintiff names Officer C. Phillips, Warden Jeffrey Calfee, Dr. Reginaldo Stanley, Judge Larry Gist, and the Texas Department of Criminal Justice, Correctional Institutions Division. Judge Gist and TDCJ-CID have previously been terminated from the lawsuit.

## I. Background

Plaintiff complained Dr. Stanley denied him medical care. He stated he had bumps on his chest, under his arm, and in his private areas, and Dr. Stanley told him the bumps were warts. The bumps grew back after being treated and Dr. Stanley then said he did not know what they were because they would have to be tested, but TDCJ will not pay to have bumps removed.

Plaintiff also alleged he had a broken finger which Dr. Stanley refused to treat and he developed arthritis as a result. The response to a grievance filed by Plaintiff stated he was seen by Dr. Stanley for evaluation of a broken finger on August 4, 2011. X-rays were taken and showed a fracture through the base of the distal phalanx (the tip of the finger) as an old injury. Plaintiff also

1

told health care workers he had broken his finger in 2009 and did not seek care. He was seen by a nurse practitioner in 2014 who told him she would refer him to a specialty services department at his request, but Plaintiff declined pain medication, insisting he needed surgical repair.

On another occasion, Warden Calfee brought Plaintiff to the medical department because Plaintiff was complaining of chest pain. This incident also appears in another lawsuit filed by Plaintiff, styled Davis v. Evans, et al., civil action no. 5:15cv138 (E.D.Tex.). In that case, Plaintiff told Dr. Stanley he needed an EKG because his chest hurt and his ears were ringing. Dr. Stanley would not give him one, stating Plaintiff had received EKG's in the past and did not need one now. After checking Plaintiff's ear and asking how long it had been ringing, to which Plaintiff replied six months, Dr. Stanley denied medical care but told him to put in a sick call request to see a mid-level provider. Ultimately, the Court granted Dr. Stanley's motion to dismiss for failure to state a claim.

Finally, Plaintiff complained Warden Calfee denied a grievance he filed and took him to the infirmary when he was suffering chest pains, but then left him there without ensuring he received proper care.

## II. The Reports of the Magistrate Judge

After review of the pleadings, including a motion to dismiss filed by Dr. Stanley, the Magistrate Judge issued separate Reports recommending the claims against Warden Calfee and Dr. Stanley be dismissed for failure to state a claim upon which relief may be granted. The Magistrate Judge stated to the extent Plaintiff complained of a refusal to treat his allegedly broken finger in 2011, the claim is barred by limitations. Plaintiff's disagreement with Dr. Stanley's treatment or his belief additional treatment or tests should have been ordered did not demonstrate deliberate indifference.

With regard to Warden Calfee, the Magistrate Judge stated prisoners do not have a constitutionally protected liberty interest in having their complaints resolved to their satisfaction. Warden Calfee also did not violate Plaintiff's constitutional rights by not remaining at the infirmary to oversee Plaintiff's treatment there.

**III. The Plaintiff's Objections**

In his objections, Plaintiff argues it is clearly established Dr. Stanley was deliberately indifferent to his serious medical needs by not sending him to the hospital and denying him medical care for chest pain, bumps on his chest, and a broken finger. He states he developed arthritis in his pinky finger and will have to live with this for the rest of his life.

These objections add nothing new, but simply repeat the allegations of Plaintiff's complaint. Plaintiff's pleadings show the bumps he developed were treated, but the treatment was not as successful as he would have liked. Nor has he offered anything to show Dr. Stanley was deliberately indifferent to his finger injury. The fact Plaintiff disagreed with Dr. Stanley's assessment that he did not require an EKG does not show deliberate indifference. Plaintiff's objections concerning Dr. Stanley are without merit.

Plaintiff's objections contend Warden Calfee breached his duty to protect inmates from cruel and unusual punishment. He also asserts Warden Calfee is liable for his employees' actions. The fact Warden Calfee took Plaintiff to the infirmary when Plaintiff complained of chest pains shows Warden Calfee was not deliberately indifferent to Plaintiff's medical needs. Once at the infirmary, Warden Calfee was entitled to presume Plaintiff would receive medical care without need for the warden to remain there. Plaintiff's assertion Warden Calfee is responsible for the actions of his employees is incorrect because there is no *respondeat superior* liability under §1983. Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999). In any event, Dr. Stanley is not an employee of Warden Calfee or the Texas Department of Criminal Justice, Correctional Institutions Division, but rather of the University of Texas Medical Branch. *See* Hazel v. Bell, civil action no. 9:08cv216, 2010 WL 1038743 (E.D.Tex., January 8, 2010), *Report adopted at* 2010 WL 1038733 (E.D.Tex., March 18, 2010) (medical providers within the prisons in the Eastern District of Texas do not work for TDCJ but rather UTMB, and there is no employer-employee relationship between TDCJ and the persons providing direct patient care), *citing* Norman v. TDCJ-ID, 293 F.App'x 285, 2008 WL

4238279 (5th Cir., September 17, 2008). Plaintiff's objections concerning Warden Calfee are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Reports of the Magistrate Judge (docket no.'s 63 and 64) are **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Plaintiff's claims against the Defendants Warden Calfee and Dr. Stanley are **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted. Warden Calfee and Dr. Stanley are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and Defendants shall have no effect upon the Plaintiff's claims against Officer Phillips.

**So ORDERED and SIGNED this 9th day of March, 2017.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE